```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 4 2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

  - v. -

RICHARD DIVER,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

19 Cr.

**19 CRIM 533**

**JUDGE BATTS**

## COUNT ONE
### (Investment Adviser Fraud)

The Grand Jury charges:

Background

1.  At all times relevant to this Indictment, Company-1 was an asset management company headquartered in New York, New York in the borough of Manhattan. The company marketed its investment planning and wealth management services to individuals, family offices, endowments, and other institutions, and managed its customers' assets through individual managed accounts. Company-1 was registered as an investment adviser with the United States Securities and Exchange Commission (the "SEC"). Assets of Company-1 clients were generally held at one of two custodial entities, Custodian-1 and Custodian-2.

2.  At all times relevant to this Indictment, Individual-1 was the Chairman, Chief Executive Officer, and

Chief Investment Officer of Company-1. At all times relevant to this Indictment, Individual-1 held approximately 91 percent of the equity ownership interest in Company-1.

3. At all times relevant to this Indictment, RICHARD DIVER, the defendant, was the Chief Operating Officer and Senior Vice President of Company-1. At all times relevant to this Indictment, DIVER held approximately 9 percent of the equity interest in Company-1.

4. At all times relevant to this Indictment, the responsibilities of RICHARD DIVER, the defendant, as Chief Operating Officer included sole responsibility for Company-1's payroll functions. DIVER and Individual-1 were the two signatories on the Company-1 bank account associated with payroll, but DIVER was the only person who reviewed each of the individual payroll payments. DIVER handled Company-1's payroll responsibilities through a third-party payroll vendor (the "Payroll Vendor").

5. At all times relevant to this Indictment, RICHARD DIVER, the defendant, was also in charge of billing Company-1's clients. DIVER and a member of Company-1's staff, Employee-1, were the only individuals who had direct access to Company-1's client billing system. Company-1 entered into written

investment advisory agreements with each of its clients. Pursuant to those agreements, Company-1 charged an annual advisory fee, which generally consisted of a fixed percentage of the value of a client's assets under management, payable quarterly. Each quarter, Employee-1 created a valuation of each client's portfolio and then applied the fixed fee percentage to each client's account. Company-1 then charged the client that amount for the next quarter, a three-month period. Typically, Company-1's clients authorized Company-1 to deduct its investment advisory fees directly from the clients' custodial accounts at Custodian-1 and Custodian-2.

6. Between in or about 2011 and in or about December 2018, RICHARD DIVER, the defendant, misappropriated approximately $4 million from Company-1 itself by fraudulently paying himself approximately $600,000 per year in addition to his authorized salary and bonus of approximately $350,000 per year for the years 2011 to 2018. DIVER effected these payments by instructing the Payroll Vendor to pay him an inflated and unauthorized salary.

7. Between in or about 2017 and in or about December 2018, RICHARD DIVER, the defendant, also caused Company-1 to overbill clients by approximately $700,000 in advisory fees in

order to personally enrich himself. To carry out this scheme, DIVER asked Employee-1 to run bills for a list of clients outside of the firm's customary quarterly regular billing cycle. In the ordinary, legitimate billing process, Employee-1 calculated the appropriate fee for each client using a formula, created a bill, and debited the invoiced account from the clients' custodial accounts at Custodian-1 and Custodian-2. The clients were then sent bills reflecting the already-debited transactions. When DIVER requested additional, off-cycle bills as part of the scheme, Employee-1 likewise applied the formula, generated bills, and debited the invoiced accounts. However, DIVER then had Employee-1 give the bills generated through these off-cycle billing runs to him personally, as opposed to having them sent to clients. With limited exception, DIVER simply did not send these bills to the affected clients.

8. Once RICHARD DIVER, the defendant, successfully overbilled clients, he caused the debited funds to be routed to his personal bank accounts.

9. Under the standard quarterly billing procedure in place at Company-1 in 2017 and 2018, when the billing system generated a bill it became part of a quarterly report document that Employee-1 sent to clients along with a cover letter signed

by Individual-1. Employee-1 received the letters from Individual-1, added the reports to them, and then mailed them to clients. With the illicit off-cycle requests made by RICHARD DIVER, the defendant, by contrast, there was no report or letter matched to the bills and mailed to the client. During the period in which the overbilling took place, the legitimate, quarterly bills sent out by Company-1 were inaccurate, in that they did not include the money that had been deducted as a result of DIVER's fraudulent off-cycle billing scheme.

### Statutory Allegations

10. Between in or about 2017 and in or about December 2018, in the Southern District of New York and elsewhere, RICHARD DIVER, the defendant, acting as an investment advisor with respect to clients of a particular asset management company, willfully and knowingly, used the mails and other means and instrumentalities of interstate commerce, directly and indirectly, (a) to employ a device, scheme, and artifices to defraud clients and prospective clients; and (b) to engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients, to wit, DIVER misappropriated clients' funds for his own personal use and took steps to hide this misappropriation by sending clients,

including by mail and e-mail, false information with respect to their assets under management.

>  (Title 15, United States Code, Sections 80b-6, 80b-17;
>  and Title 18, United States Code, Section 2.)

### Count Two
### (Wire Fraud)

The Grant Jury further charges:

11. The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged and if fully set forth herein.

12. Between in or about 2011 and in or about December 2018, in the Southern District of New York and elsewhere, RICHARD DIVER, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DIVER, through the use of interstate wires, misappropriated millions of dollars from the asset management company at which he was employed and hundreds of thousands of dollars from its clients.

>  (Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

13.  As a result of committing the offense charged in Count Two of this Indictment, RICHARD DIVER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

<u>Substitute Assets Provision</u>

14.  If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

>(Title 18, United States Code, Section 981(a)(1)(C);
>Title 21, United States Code, Section 853(p);
>Title 28, United States Code, Section 2461.)

_____  7/24/19
GRAND JURY FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

RICHARD DIVER,

Defendant.

---

**INDICTMENT**

19 Cr.

(Title 15, United States Code, Sections 80b-6, 80b-17; Title 18, United States Code, Sections 1343 and 2.)

GEOFFREY S. BERMAN
Foreperson        United States Attorney.

---