UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA, |
| Plaintiff, |
| -against- |
| RICHARD DIVER, |
| Defendant. |

19 Cr. 533 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendant Richard Diver's request for early termination of supervised release. (Dkt. no. 45.) The Government opposed the request. (Dkt. no. 50.)[1] For the reasons set out below, Defendant's request is DENIED.

I. **Factual Background**

The Court assumes familiarity with the underlying facts of the case. As is relevant here, the Court sentenced Defendant to 36 months of imprisonment to be followed by three years of supervised release after Defendant pleaded guilty to one count of investment advisor fraud and one count of wire fraud. (Dkt no. 35 at 17.)

Defendant's three-year term of supervised release began in April 2023. (Dkt. no. 45 at 1.) On May 21, 2025, he requested early termination of supervised release through counsel. (Id. at

---

[1] Defendant chose not to submit a reply to the Government's opposition by the Court-imposed deadline of August 4, 2025. (See dkt. no. 49.)

1.)  In support of his request, Defendant relies on his "stellar" compliance with the term of his supervised release, his gainful employment, and the renewal of his relationships with his daughters.  (Id. at 1-2.)  In particular, one of Defendant's two daughters lives in Massachusetts and is expecting a child soon.  (Id. at 2.)  Defendant seeks termination of his supervised release so that he may visit his soon-to-be grandchild without obtaining permission from his probation officer.  (Id. at 2.)  Defendant also hopes to be able to visit his siblings in South Carolina and Arizona without restriction as they recently lost their sister due to cancer.  (Id.)  In seeking termination, Defendant emphasizes the rehabilitative rather than punitive purpose of supervised release.  (Dkt. no. 45 at 3-4.)

Notably, Defendant's probation officer supports his request for early termination of supervised release.  (See id.)  In addition, both of Defendant's daughters submitted letters to the Court in support of their father's request.  (Dkt. no. 45-2; dkt. no. 45-3.)

The Government, on the other hand, argues that early termination is not warranted where a supervisee merely complies with the terms of supervised release.  (Dkt. no. 50 at 3.)  The Government also emphasizes the ongoing need for Defendant to make restitution, the total amount of which exceeds $5 million.  (Dkt. no. 50 at 3.)  To accommodate Defendant's family travel, the

2

Government advises that it would consent to a modification of the terms of supervised release to permit travel within the continental United States without obtaining permission from his probation officer, but insists on the continued need for supervised release. (Id. at 4.)

## II. Applicable Law

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In considering whether to terminate a term of supervised release, the Court considers the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [] (2) the need to deter criminal conduct; [] (3) the need to protect the public from further crimes of the defendant; [] (4) the need to provide the defendant with correctional treatment; [] (5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; [] (6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; [] (7) the need to avoid unwarranted sentence disparities among similar defendants; [] and (8) the need to provide restitution [].

United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (citations omitted). "Early termination of probation is not warranted as a matter of course." United States v. Rusin, 105 F.

3

Supp. 3d 291, 292 (S.D.N.Y. 2015). Compliance with the terms of supervised release is not enough on its own to warrant early termination. Bouchareb, 76 F. Supp. 3d at 479; United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("[compliance] alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). Rather, early termination is to be used "[o]ccasionally" to account for "changed circumstances." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

### III. Discussion

Defendant's compliance with the terms of his supervised release, as attested to by his probation officer (dkt. no. 45 at 4), is commendable. But Defendant's compliance is not sufficient justification to grant his request for early termination. See Bouchareb, 76 F. Supp. 3d at 479. Compliance with the terms of supervised release is, tautologically, an inherent obligation of supervisees. See Medina, 17 F. Supp. 2d at 247. It therefore cannot count as the kind of "changed circumstance" necessary to grant early termination. See Lussier, 104 F.3d at 36.

The Court is conscious of the need to ensure ongoing compliance with Defendant's outstanding restitution obligations. (See dkt. no. 50 at 3.) Courts have granted early termination where supervised release interfered with a defendant's ability to meet his restitution obligations, see United States v. Boyd, No.

4

13 Cr. 0890 (LAP), 2025 WL 1865164 at *3 (S.D.N.Y. July 7, 2025), but that is not the case here.  The terms of Defendant's supervised release, which amount to monthly check-ins performed online, have not interfered with his gainful employment as the Assistant Manager of the Billing Department at St. Xavier Homecare Services and have not interfered with Defendant's ability to meet his $900 monthly restitution payments.  (See dkt. no. 45 at 2.)  Early termination would therefore be "inappropriate in light of the fact that Petitioner still has outstanding restitution obligations." Whittingham v. United States, No. 12 Cr. 0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

With respect to Defendant's desire to travel, courts have occasionally elected to modify the terms of supervised release rather than grant early termination.  See, e.g., United States v. O'Sullivan, No. 20 Cr. 0272 (PKC), 2025 WL 2073993 (E.D.N.Y. July 23, 2025) (modifying terms of supervised release to allow defendant to visit family in Ireland).  In this case, the Government consents to a modification permitting Defendant to travel within the continental United States without seeking permission from his probation officer.  (Dkt. no. 50 at 4.)  The Court agrees that given Defendant's compliance with the terms of his release, such a modification is appropriate.

## IV. Conclusion

For the foregoing reasons, Defendant's request for early termination is DENIED. However, the Court modifies the conditions of Defendant's supervised release to permit travel within the continental United States without permission from Defendant's probation officer. The Clerk of the Court shall close docket number 45.

**SO ORDERED.**

Dated:   October 23, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge